**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6286**

WILLIAM CANNON GRESHAM,

Petitioner - Appellant,

v.

CHARLES WILLIAMS,

Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:18-cv-00938-HMH)

Submitted: April 6, 2020                                  Decided: July 10, 2020

Before WYNN and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

William Cannon Gresham, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Cannon Gresham seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 (2018) petition. The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2018). The magistrate judge recommended that relief be denied and advised Gresham that failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017); *Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). Although Gresham received proper notice and filed timely objections to the magistrate judge's recommendation, he has waived appellate review of two of his claims because his objections were not specific to the particularized legal recommendations made by the magistrate judge on those claims. *See Martin*, 858 F.3d at 245 (holding that, "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection" (internal quotation marks omitted)).

Gresham did, however, specifically object to the magistrate judge's recommended disposition of his ineffective assistance of counsel claim relating to counsel's failure to object to the prosecutor's alleged breach of Gresham's plea agreement. Thus, this portion

2

of the district court's order was preserved.  However, the order is not appealable unless a circuit justice or judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(A), (c)(2) (2018).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017).

Limiting our review of the record to the issues raised in Gresham's informal brief, we conclude that Gresham has not made the requisite showing with regard to the ineffective assistance claim to which he specifically objected.  *See* 4th Cir. R. 34(b); *see also Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").  Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*